UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 3:17-cr-221-J-34JBT

COURTNEY A. BURCH
    a/k/a "Big Boy"

_____

# ORDER

This cause is before the Court on Defendant's Motion to Withdraw Guilty Plea (Doc. 172; Motion), filed on July 21, 2018, and Supplement to Motion to Withdraw Guilty Plea (Doc. 205; Supplemental Motion), filed on October 5, 2018. In both Motions, Defendant requests that the Court allow him to withdraw his previously entered plea of guilty and vacate the adjudication of guilt entered against him in the above-styled case. See Motion at 5-7; Supplemental Motion at 2-4. The Government opposes the relief requested. See United States' Response in Opposition to Defendant's Verified Motion to Withdraw Guilty Plea (Doc. 187; Response), and United States' Response in Opposition to Defendant's Supplement to Motion to Withdraw Guilty Plea (Doc. 206; Supplemental Response). On November 8, 2018, the Court held a hearing on the Motion and Supplemental Motion. Thus, the issues in the motions are ripe for resolution.

**I.    Background**

On November 8, 2017, the Grand Jury returned a one count Indictment charging Defendant, Courtney Burch, with knowingly, willfully, and intentionally conspiring with Harkim Handsboro, Felix Ramos-Santiago, and Samuel Lyon to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation

of 21 U.S.C. §§ 846 and 841(b)(1)(B). See generally Indictment (Doc. 1). The parties entered into a written plea agreement on May 26, 2018, in which Burch agreed to plead guilty to that charge. See Plea Agreement (Doc. 160).

The Plea Agreement sets forth the elements of the offense charged in the Indictment including the fact that the object of the charged conspiracy was "to distribute 500 grams or more of cocaine," the minimum and maximum penalties Burch faced, and the facts which the Government was prepared to prove if Burch proceeded to trial. See generally id. Regarding the elements of the offense, the Plea Agreement states that Burch admitted "[t]he violation involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine . . . ." Id. at 2, 16. The Plea Agreement further reflects that Burch understood that discussions between his attorney and the Government regarding the length of a sentence were not binding on the Court, Id. at 13, and that Burch entered into the Plea Agreement without reliance on promises by his attorney or the Government outside of those contained in the written Plea Agreement. Id. at 15-16.

On May 29, 2018, Burch appeared before the Honorable Joel B. Toomey, United States Magistrate Judge, for a change of plea hearing, during which Judge Toomey discussed the Plea Agreement with him and conducted an extensive plea colloquy. See generally Transcript of Change of Plea Hearing Before the Honorable Joel B. Toomey, United States Magistrate Judge (Doc. 177; Plea Tr.). The plea colloquy covered all of the matters required by Federal Rule of Criminal Procedure 11 and established that Burch was aware of the charges, the penalties he faced if convicted, and his rights; that he was satisfied with the representation by his attorney; and that there was a factual basis to accept his plea of guilty to the offense charged in the Indictment. See id. During the plea

colloquy, Burch testified that he read his entire Plea Agreement and that he understood it. See id. at 5. He also acknowledged that he was under oath; that he was pleading guilty because he was guilty; that his plea was a free, voluntary, and independent decision; that no one forced, coerced, or threatened him to plead guilty; that he was not relying on any agreement, discussion, promise, or understanding other than those contained in the written Plea Agreement; and that no one made any promises or assurances to him as to the sentence he would receive. See id. at 2-3, 18-23. Based on Burch's testimony at the change of plea hearing, on May 29, 2018, Judge Toomey found there was a factual basis for his guilty plea, and issued a Report and Recommendation Concerning Plea of Guilty (Doc. 161; Report and Recommendation), recommending that Burch's "plea of guilty be accepted and that he be adjudged guilty and have sentence imposed accordingly." See Report and Recommendation.

On June 19, 2018, the Court adopted the Report and Recommendation, accepted Burch's plea of guilty to count one of the Indictment, and adjudicated him guilty of such offense.[1] See Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing (Doc. 167). At that time, the Court also scheduled a sentencing date in September. See id. A month later, on July 21, 2018, Burch, with the assistance of counsel, filed the instant Motion, requesting that the Court permit him to withdraw his previously entered plea of guilty and vacate the adjudication of guilt against him. See generally Motion. On August 30, 2018, Burch filed two pro se motions seeking to dismiss Charles Truncale, Esquire, as his attorney and for the appointment of new counsel. See Docs.

---

[1] Although the parties agreed to waive the fourteen-day objection period to the Report and Recommendation, see Report and Recommendation at 1 n.1, the Court, in an abundance of caution, allowed the full objection period to elapse.

3

184; 185. On September 10, 2018, Judge Toomey held a hearing on Burch's pro se motions during which he heard from Burch and his attorney. See Doc. 189. At the conclusion of the hearing, Judge Toomey permitted Truncale to withdraw and appointed Vanessa Newtson, Esquire, to represent Burch. See Doc. 190. On October 5, 2018, Burch, with the assistance of Newtson, filed the Supplemental Motion.

## II.     Applicable Law

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure (Rule(s)) provides that the Court may, prior to sentencing, permit a plea of guilty to be withdrawn "if the defendant can show a fair and just reason for requesting the withdrawal." While Rule 11(d)(2)(B) is to be liberally construed, a defendant does not have an absolute right to withdraw a guilty plea before sentencing. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988);[2] United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996) (per curiam). Rather, a court considers the totality of the circumstances surrounding the entry of the plea in determining whether a defendant has met his burden of showing a "fair and just reason" for withdrawal. See Buckles, 843 F.2d at 472; McCarty, 99 F.3d at 385. The Eleventh Circuit Court of Appeals has identified a number of factors a court considers in evaluating a defendant's request to withdraw a guilty plea including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." See Buckles, 843 F.2d at 472. However, if

---

[2] The Court notes that in Buckles, the Eleventh Circuit interpreted former Rule 32(d), which is now found at Rule 11(d) (pre-sentence withdrawal of guilty plea) and 11(e) (post-sentence withdrawal of guilty plea). See 2002 Advisory Committee Notes to Fed. R. Crim. P. 11.

the first two factors weigh against the defendant, a court need not "give particular attention" to the final two factors. See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987); see also United States v. Kirksey, 283 F. App'x 714, 715 (11th Cir. 2008) (per curiam). Additionally, a court must determine that the core concerns of Rule 11 have been met. Specifically, "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" See United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003) (quoting United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003)).

### III. Discussion

In the Motion, Burch argues that he did not knowingly enter his plea of guilty because he misunderstood "the law concerning whether the government's proof would establish that the defendant's conspiratorial activities involved an amount of cocaine involving 500 grams or more." Motion at 4. Specifically, Burch asserts that he could not be held legally responsible for all of the more than 500 grams of cocaine that Ramos-Santiago purchased with money Burch had "pooled" with Ramos-Santiago because Burch's own share of the money would not have been enough to purchase 500 grams of cocaine. Id. In his Supplemental Motion, Burch contends that "he never 'pooled' his money together with co-defendant Felix Ramos-Santiago," and that he is not guilty of distributing 500 grams or more of cocaine. Supplemental Motion at 2. Additionally, Burch contends that Truncale promised that if Burch pled guilty Truncale would talk with the Government to amend the Indictment to reduce the charge so that it would not include the 500 grams or more element of the charge. Id.

5

Burch's contentions in his Motion and Supplemental Motion stand in direct conflict with his sworn testimony before Judge Toomey during the plea colloquy. While not insurmountable, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "solemn declarations in open court carry a strong presumption of verity[,]" id. at 74, and "[t]here is a strong presumption that the statements during the colloquy are true[,]" see United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (citing Gonzalez-Mercado, 808 F.2d at 800 n.8). Thus, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (citing United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986)). Upon consideration of the totality of the circumstances surrounding the entry of Burch's guilty plea, as well as the findings of Judge Toomey and the record in this case, the Court is of the view that Burch has failed to present a "fair and just" reason for withdrawing his guilty plea.

### A. Assertion of Innocence

The Court finds that Burch's assertion of partial innocence does not warrant granting his request to withdraw his guilty plea. See Buckles, 843 F.2d at 472. Specifically, Burch argues not that he is innocent as to the charged crime, conspiracy to distribute cocaine, but only that he is not guilty of conspiring to distribute 500 grams or more of cocaine. However, at the change of plea hearing, Burch testified that he was pleading guilty to the charge because he was in fact, guilty of the charged offense:

6

>THE COURT: Are you pleading guilty because you are guilty?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you now admit that you committed the acts set forth in that charge?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you understand that a plea of guilty admits the truth of the charge against you?
>
>THE DEFENDANT: Yes, sir.

Plea Tr. at 19. Burch also specifically admitted the amount of drugs involved in the charged offense. During the plea colloquy the Court requested that the prosecutor provide a proffer of the facts the Government would prove beyond a reasonable doubt to convict Burch of the charged offense. See id. at 19. In doing so, he directed Burch to "listen carefully because I will ask if you agree with what the prosecution said. This is the factual basis that's part of your plea agreement." Id. at 19-20. The prosecutor then read the factual basis of the Plea Agreement aloud, including the following:

> Defendant Burch pooled his money with co-defendant Felix L. Ramos-Santiago, also as known as Flex, to purchase the multi-ounce quantities of cocaine from Oxendine in St. Augustine, Florida, during this period –
>
> Co-defendant Ramos-Santiago ordered cocaine from Oxendine for himself and Defendant Burch by contacting Oxendine via wireless telephone.
>
> Oxendine delivered multiple ounces to Defendant Burch and Ramos-Santiago in and around St. Augustine, Florida, in accordance with the orders placed by Ramos-Santiago.
>
> This included a four-ounce purchase of cocaine on or about June 24th, 2017; a four-ounce purchase of cocaine on or about July 1st, 2017; a six and one-half ounce purchase of cocaine on or about July 6th, 2017; a four-ounce purchase of cocaine on or about July 26th, 2017; a three and a half ounce purchase of cocaine on or about August 5th, 2017; and a

seven and one-half ounce purchase of cocaine on or about
August 12th, 2017, among others.

Id. at 20-21. When the prosecutor finished reading the factual basis, Judge Toomey asked Burch, "And is that what you did?" Id. at 21. Burch responded, "Yes, sir." Id. Judge Toomey also asked Burch if he admitted "the truth of the factual basis, and that all of the elements thereof are true and correct as they pertain to you," and Burch again responded, "Yes, sir." Id. at 22. Finally, Judge Toomey asked Burch the questions set forth in the personalization of the Plea Agreement.

> THE COURT: I'm going to ask you the personalization of elements on page 18 of your plea agreement.
>
> From at least as early as December 13th, 2016, and continuing through on or about September 5th, 2017, in the Middle District of Florida and elsewhere, did you agree with another person to try to accomplish a shared and unlawful plan to distribute cocaine, a Schedule II controlled substance?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you know the unlawful purpose of the plan and willfully join in it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you admit that the object of the unlawful plan was to <u>distribute 500 grams or more</u> of a mixture and substance containing a detectable amount of cocaine?
>
> THE DEFENDANT: Yes, sir.

Id. at 21-22 (emphasis added). Near the conclusion of the change of plea hearing, Burch assured Judge Toomey that he had testified truthfully and that no one coached him or suggested that he answer untruthfully any questions asked of him. Id. at 24-25.

At the November 8, 2018 hearing on the instant Motions, the Government confronted Burch with the above quoted sworn representations he made to Judge Toomey and how they conflicted with the representations in his Motions and his

contentions at the November 8, 2018 hearing. In response, Burch argued that he did not lie during the plea colloquy but also stated that his responses during the colloquy were not true and that he only answered in the affirmative because he was going "through the procedures." Notably, Burch testified that he was not claiming to be innocent of the charge as a whole, as he still maintained he was guilty of a conspiracy to distribute cocaine. Instead, he takes issue with the sufficiency of the evidence to establish the weight of drugs alleged in the Indictment.

Truncale also testified at the November 8, 2018 hearing. He stated that from the beginning of their relationship Burch questioned the sufficiency of the Government's evidence as to the weight of drugs and refused to accept a plea agreement because of that issue. According to Truncale, Burch repeatedly asked him to make a counter offer that eliminated the weight element of the charge, which Truncale did, but the Government rejected the counter offer each time. Ultimately, after reviewing hours of evidence and wiretap recordings in preparation for trial, Burch told Truncale "it's over" and that he was prepared to accept the Plea Agreement. Truncale also testified that in preparation for the change of plea hearing, he advised Burch to tell the truth during the plea colloquy.

As previously noted, a defendant bears a heavy burden when trying to establish that statements made under oath at a change of plea hearing were false. See Rogers, 848 F.2d at 168. Here, Burch's testimony at the November 8, 2018 hearing has failed to carry that burden. As an initial matter, the Court notes that a defendant is liable for any foreseeable actions by coconspirators in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 647 (1946). Accordingly, as a member of the conspiracy, Burch can be held responsible for the amount of cocaine bought as a whole, not just the

9

cocaine purchased with his money. See id. As Burch is not contesting his role in the conspiracy and not contesting the amount of cocaine purchased and possessed as a whole, his claim that he is not liable for the entire amount of cocaine purchased and possessed is refuted as a matter of law. Therefore, Burch's misunderstanding of the law does not render his previous plea of guilty unknowing or involuntary. Moreover, Burch himself admitted, in the written Plea Agreement and under oath, his responsibility for the full amount charged and that the object of the conspiracy was to distribute in excess of 500 grams of cocaine.

"Guilty pleas would be of little value to the judicial system if a defendant's later conclusory assertion of innocence automatically negated his plea[,]" and thus, "[a] mere declaration of innocence does not entitle a defendant to withdraw his guilty plea." See Buckles, 843 F.2d at 472-73 (citations omitted). In light of Burch's admission of guilt under oath at the change of plea hearing, including his specific admissions as to the amount of drugs involved in the charged conspiracy—and the ample evidence of Burch's guilt proffered at the hearing on the Motions by the Government—the Court concludes that Burch's belated assertion of innocence does not constitute a fair and just reason warranting a withdrawal of his guilty plea. See id.

### B. Defense Attorney Promises

The Court also finds that Burch's claim that his plea was involuntary because he relied on an alleged promise from Truncale that counsel would seek a reduction of the charge after he entered the plea does not warrant granting his request to withdraw his guilty plea. See Buckles, 843 F.2d at 472. At the change of plea hearing, Burch testified

that no one promised him anything, other than what was outlined in his written Plea Agreement:

> THE COURT: And have any promises or assurances been made to you by anyone that are not reflected in the plea agreement?
>
> THE DEFENDANT: No, sir.

Plea Tr. at 18-19. Additionally, Burch made the following sworn representations to Judge Toomey:

> THE COURT: Is your plea of guilty your own independent decision?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone threatened you, forced you, coerced you, or intimidated you in any way regarding your decision to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone made any promises or assurances to you of any kind to induce you to plead guilty, other than those stated in your plea agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you relying on any other agreement or promise about what sentence you'll get if you plead guilty, other than what's stated in your plea agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: At this time, do you know what sentence you will receive?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone promised that you will receive a light sentence or be otherwise rewarded by pleading guilty, other than what's stated in your plea agreement?
>
> THE DEFENDANT: No, sir.

Id. at 22-23. Judge Toomey also asked defense counsel and the Government to assure that no promises or understandings had been given to Burch that are different or contrary

to what was in the Plea Agreement. Id. at 23. Both defense counsel and the Government assured Judge Toomey there was not. Id. at 23-24.

During the change of plea colloquy, Burch made the following sworn statements concerning Truncale's representation:

> THE COURT: You've been represented by Mr. Truncale. Have you discussed your case fully and explained everything you know about it to him?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Have you had enough time to talk with your lawyer or anyone else you care to about your case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with your lawyer and the way he's represented you in this case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any complaints about the way he's represented you?
>
> THE DEFENDANT: No, sir.
>
> . . . .
>
> THE COURT: Has anyone coached you or suggested that you answer untruthfully any of the questions asked of you by the Court today?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Have you told the truth today?
>
> THE DEFENDANT: Yes, sir.

Id. at 24-25. Notably, near the end of the hearing, Judge Toomey specifically informed Burch that "[n]ow is your last chance to speak up or ask questions before I recommend to the district judge that she accept your plea. Do you have any questions or anything you want to say at this point?" Id. at 25. Burch responded in the negative. Id.

At the November 8, 2018 hearing, Burch testified in conformance with his Motions and, as noted above, denied lying during the change of plea colloquy, although he also later stated that his answers were not true. Truncale also testified. Truncale stated that Burch's claim that he told Burch he would speak with the Government to seek to reduce the charge after Burch entered his guilty plea was a fabrication. According to Truncale, he never told Burch anything about further negotiations with the Government concerning the charges against him. Additionally, Truncale testified that after their review of a substantial amount of the Government's evidence against Burch, Burch recognized he had a poor defense and decided on his own to enter the guilty plea. Also, at the hearing on the instant Motions, the Government introduced an email from Truncale to the lead prosecutor that provided contemporaneous corroboration for Truncale's testimony. The email reads as follows:

> Courtney Burch and I finished listening to the wiretapped communications last night. My client is prepared to enter a plea of guilty to the charge and the amount (more than 500 grams of cocaine) pursuant to the plea agreement.

Government Exhibit 1. Consistent with Truncale's testimony the Exhibit reflects that this email was sent at 10:16 a.m. on May 24, 2018, the day after Truncale and Burch would have been preparing for trial. Id.

The transcript from the hearing on Burch's motion to discharge Truncale also supports Truncale's testimony at the November 8, 2018 hearing. During the hearing on the motion to discharge, Burch never asserted that Truncale made promises to him that induced him into the Plea Agreement. See Doc. 210 (sealed). Instead, Burch contended his counsel should be removed from his case because Truncale did not support or agree with the argument in the instant Motion. Id. However, in his Supplemental Motion and at

the November 8, 2018 hearing, Burch disavowed the reasons to withdraw his plea set forth in the original Motion and relied on Truncale's alleged promise to request a reduction of the charge <u>after</u> Burch had pled guilty. Having observed the demeanor of the witnesses and compared their testimony to relevant evidence and pleadings, the Court finds Truncale's testimony to be credible and Burch's testimony to be incredible. Accordingly, Truncale's testimony that he never advised Burch that further negotiations with the Government would occur if Burch would simply sign the Plea Agreement and plead guilty refutes Burch's claims in the instant Motions.

As discussed above, Burch bears the burden of demonstrating his sworn representations during the plea colloquy were false. <u>See</u> <u>Medlock</u>, 12 F.3d at 187; <u>Rogers</u>, 848 F.2d at 168. For the reasons outlined above, Burch has failed to carry that burden in his pleadings or at the November 8, 2018 hearing. As such, Burch's sworn statements during the plea colloquy refute his current allegations. Accordingly, the Court concludes Burch's assertion that counsel made promises to induce him to enter a guilty plea does not constitute a fair and just reason for withdrawing his plea.

## IV. Conclusion

On review of the record in this case, including the Plea Agreement and the thorough plea colloquy before the Magistrate Judge, the Court concludes that the core concerns of Rule 11—that Burch's guilty plea was free of coercion, that he understood the nature of the charges against him, and that he knew and understood the consequences of his guilty plea—have been met in this case. <u>See</u> <u>Freixas</u>, 332 F.3d at 1316 (quoting <u>Lejarde-Rada</u>, 319 F.3d at 1289). The Court also concludes that Burch's plea was "knowing and voluntary" and made with "close assistance of counsel[.]" <u>See</u>

14

Buckles, 843 F.2d at 472. Considering the totality of the circumstances surrounding the entry of his guilty plea, neither Burch's contention that he expected the Government to amend the Indictment to strike the 500 grams or more element of the offense, nor his belated assertions of ignorance or innocence, taken individually or collectively, present "a fair and just reason" for withdrawing his guilty plea. Thus, Burch's Motions are due to be denied.

Accordingly, it is **ORDERED:**

1. Burch's Motion to Withdraw Guilty Plea (Doc. 172) and Supplement to Motion to Withdraw Guilty Plea (Doc. 205) are **DENIED**.

2. Burch's sentencing hearing is set for **Wednesday, January 23, 2019, at 3:00 p.m.** before the undersigned in Courtroom 10B.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of November, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

Jax-8

C: Counsel of record