**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.   Case No.:   3:17-cr-221-MMH-JBT-3

COURTNEY A. BURCH

_____/

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is Defendant Courtney Burch's Motion for Reconsideration of the denial of compassionate release (Doc. 290, Motion for Reconsideration) and the United States' response (Doc. 292, Response to Motion for Reconsideration). Burch is a 43-year-old inmate incarcerated at Miami FCI, serving a 120-month term of imprisonment for conspiracy to distribute 500 grams or more of cocaine. (Doc. 255, Corrected Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 25, 2026.

In November 2020, Burch moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing a serious health condition, the death or incapacitation of the primary caregiver of his minor children, and "other" reasons. (Doc. 286, Motion for Compassionate Release at 4). Burch did not elaborate on his alleged serious health condition(s) or the "other" reasons, but he did elaborate on his family circumstances. He asserted that Renada McGuire, the mother of his two daughters (and of four other children) had recently died of complications from Covid-19, that his children were previously under her care, and that the children were in the temporary custody of Ms.

McGuire's brother, Jorge Guerrero. Id. at 5. Burch contended that he was the only available caregiver for his children. Id. The United States responded in opposition, arguing that Burch had failed to exhaust administrative remedies, that Burch had not shown "extraordinary and compelling reasons" for compassionate release, and that the sentencing factors under 18 U.S.C. § 3553(a) did not warrant a sentence reduction. (Doc. 288, Response to Motion for Compassionate Release). Regarding exhaustion, the United States advised that according to BOP records and "email verification through Burch's facility staff," the warden had not received a request for compassionate release from Burch. Id. at 4; (see also Doc. 288-1, BOP Admin. Remedy Log (stating that "no remedy data exists for this inmate")). On January 7, 2021, the Court denied Burch's Motion for Compassionate Release without prejudice, finding that Burch had failed to show he had satisfied § 3582(c)(1)(A)'s exhaustion requirement. (Doc. 289, Order).

In the Motion for Reconsideration, Burch argues that he did in fact exhaust his administrative remedies. In support, he attaches an email showing that he submitted a request for a reduction in sentence (RIS) to the warden of his facility on September 21, 2020, more than 30 days before he moved for compassionate release in this Court. (Doc. 290-1, RIS Request). Burch also attaches the warden's denial of the RIS request, dated January 21, 2021. (Doc. 290-2, RIS Denial). Thus, Burch has submitted evidence establishing that he satisfied at least one of § 3582(c)(1)(A)'s exhaustion alternatives, such that the Motion for Reconsideration is due to be granted to the extent the Court finds that Burch has exhausted his administrative remedies. Accordingly, the Court will examine the Motion for Compassionate Release (Doc. 286) on the merits.

2

That Burch has satisfied the exhaustion requirement does not necessarily mean he is entitled to compassionate release. Burch, like any other movant for compassionate release, bears the burden of establishing that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of showing that a sentence reduction is appropriate). Section 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Burch has not demonstrated extraordinary and compelling circumstances. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, cmt. 1. First, he contends that he suffers from a serious physical or medical condition, but, yet again, he does not elaborate on what that condition is. See Motion for Compassionate Release at 4–5. Construing the

Motion for Compassionate Release in light of his RIS Request, it appears Burch is referring to his conditions of high blood pressure and diabetes, and the effect these conditions have on his risk of illness from Covid-19. See RIS Request (Doc. 290-1). According to the Centers for Disease Control (CDC), those who have diabetes are at increased risk of serious illness from Covid-19, while there is only mixed evidence about whether hypertension raises the risk of severe illness.[1]

> However, merely being at higher risk for serious complications from COVID-19 is not, by itself, sufficient for the Court to find the requisite extraordinary and compelling reasons for compassionate release. That is, not every prisoner at higher risk for serious complications from COVID-19 is entitled to immediate release from incarceration. [Burch] here does not show that his underlying medical condition[s] substantially diminish[] his ability to provide self-care in a correctional environment, or that the BOP is unable to meet his medical needs.

United States v. Salinas, No. CR H-19-309, 2020 WL 4352606, at *4 (S.D. Tex. July 29, 2020). Moreover, the record indicates that the BOP is attentive to Burch's conditions and is treating them with medication. BOP Medical Records at 1-2, 6. There is no evidence that Burch's conditions interfere with his ability to provide self-care in the prison environment or to carry on with the activities of daily life. The Court further notes that the BOP offered Burch the Moderna Covid-19 vaccine on February 1, 2021, but Burch refused it. (Doc. 292-1, Vaccine Record). Under the circumstances, Burch's conditions and the Covid-19 pandemic do not warrant a reduction in sentence.[2]

---

[1] The medical records reflect that Burch also has obesity, Stage 3 chronic kidney disease, gout, gastroesophageal reflux disease (GERD), and osteoarthritis of the knee (Doc. 288-2, BOP Medical Records at 66–67), but Burch did not raise these conditions in his Motion for Compassionate Release or the RIS Request.

[2] The Court recognizes there is a split of authority over whether the policy statement and its commentary, U.S.S.G. § 1B1.13, applies to defendant-initiated motions for

4

Burch also alleges that the death of his daughters' mother, Renada McGuire, warrants compassionate release because his daughters had been under her care and because he is the only caregiver available. However, the record casts doubt on these assertions. According to the Final Presentence Investigation Report (Doc. 243, PSR), dated January 16, 2019, Burch's children were primarily under the care of Burch's wife, Shakyra Nelson, not their mother. PSR at ¶ 61. The children only visited their mother on a weekly basis and occasionally spent weekends with her. Id. It does not appear that Ms. McGuire had primary caregiving responsibilities for the children in the first instance. See id. at ¶¶ 60-61. Moreover, Burch offers no evidence that Ms. Nelson stopped acting as the primary caregiver for his children, or that Burch is the only caregiver available. The Court expresses its condolences for the passing of Ms. McGuire. However, the record does not suggest that Burch's children were deprived of their primary caregiver or that the children are not currently receiving adequate care.

Finally, and in any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction. The instant conviction marked Burch's fourth conviction involving the distribution of controlled substances. Prior to this case, Burch had been convicted three times for the sale or delivery of cocaine or crack cocaine. PSR at ¶¶ 36-38. As a result of his prior convictions, Burch was subject to a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), which is the sentence he ultimately received. According to the BOP, Burch has more than five years

---

compassionate release. See, e.g., United States v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

remaining on his sentence (accounting for good time credits). In view of all the § 3553(a) factors, reducing Burch's sentence is not warranted at this time.

Accordingly, Defendant Courtney Burch's Motion for Reconsideration (Doc. 290) is **GRANTED** to the extent the Court examines the Motion for Compassionate Release (Doc. 286) on the merits. The Motion for Reconsideration is **DENIED** to the extent that the Motion for Compassionate Release is **DENIED** on the merits.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of April, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19
C:
Counsel of record
Pro se defendant

6